UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSAN ZARNOCH,

    Plaintiff,

v.                                                      Case No.:  8:20-cv-623-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

Plaintiff Susan Zarnoch filed a Complaint on March 17, 2020.  (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits.  The Commissioner filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum detailing their respective positions.  (Doc. 25).  For the reasons set forth herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.      Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a

continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## II.   Procedural History

Plaintiff filed a claim for a period of disability and disability insurance benefits on February 12, 2016. (Tr. at 21).[1] Plaintiff alleged a disability onset date of August 1, 2015. (*Id.*). Plaintiff's claim was denied at the initial level on May 13, 2016, and upon reconsideration on August 15, 2016. (*Id.*). Plaintiff requested an administrative hearing, which was held on February 26, 2019, before Administrative Law Judge ("ALJ") Richard P. Gartner. (*Id.* at 38-76). The ALJ issued an unfavorable decision on April 2, 2019. (*Id.* at 18-37). On January 24, 2020, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-8). Plaintiff then filed her Complaint with this Court on March 17, 2020, (Doc. 1), and the parties

---

[1] The SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017). The new regulations do not apply in Plaintiff's case because Plaintiff filed her claim before March 27, 2017.

consented to proceed before a United States Magistrate Judge for all purposes, (Docs. 15, 18). The matter is, therefore, ripe.

### III. Summary of the Administrative Law Judge's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff "meets the insured status requirements of the Social Security Act through September 30, 2020." (Tr. at 23). At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since August 1, 2015, the alleged onset date (20 [C.F.R. §] 404.1571 *et seq.*)." (*Id.*). At step two, the ALJ found that Plaintiff has the following severe impairments: "spinal disorder; Crohn's disease; asthma; obesity (20 [C.F.R. §] 404.1520(c))." (*Id.*). At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed

3

impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1 (20 [C.F.R. §§] 404.1520(d), 404.1525 and 404.1526)." (*Id.* at 25).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC"):

> to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except the claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but must avoid climbing ladders, ropes, or scaffolds. In addition, the claimant must avoid concentrated exposure to fumes, odors, dusts, gases, and environments with poor ventilation. The claimant is also limited to occupations that allow brief access to a restroom every two to two and a half hours during the workday.

(*Id.*). The ALJ then determined that Plaintiff "is capable of performing past relevant work as a Cashier." (*Id.* at 31). For these reasons, the ALJ held that Plaintiff "has not been under a disability, as defined in the Social Security Act, from August 1, 2015, through the date of this decision (20 [C.F.R. §] 404.1520(f))." (*Id.*).

## IV.   Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a

reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (a court must scrutinize the entire record to determine reasonableness of factual findings).

V.   **Analysis**

On appeal, Plaintiff raises two issues.  As stated by the parties, the issues are:

1. Whether the [ALJ] erred in finding that Ms. Zarnoch could return to past relevant work as Cashier II, DOT[#] 211.462-010; and

2. Whether the ALJ's [RFC] determination and hypothetical to the Vocational Expert were supported by subsantial [sic] evidence.

(Doc. 25 at 19, 30).  The Court starts with the second issue because it necessitates remand.

A.  **Whether the ALJ's RFC Determination and Hypothetical to the Vocational Expert Were Supported by Substantial Evidence.**

Plaintiff argues that "[t]he ALJ found [Plaintiff's] Chron's [sic] disease to be a severe impairment but failed to adequately account for it in his hypothetical to the VE and RFC determination." (Doc. 25 at 31). Additionally, Plaintiff asserts that the ALJ did not account for Plaintiff's "Terminal Ileitis, [irritable bowel syndrome ("IBS"),] and Colitis." (*Id.*). Specifically, Plaintiff contends that the RFC limitation allowing Plaintiff "brief access to a restroom every two to two and a half hours during the workday" does not account for the severity of her Crohn's disease and other gastrointestinal ("GI") problems or how often she needs to use the restroom. (*Id.* (quoting Tr. at 25)). Plaintiff asserts that allowing her to use the restroom every two to two and a half hours is "tantamount to no limitation at all" when you consider an employee's normal breaks and lunch. (*Id.*). Furthermore, Plaintiff contends that her breaks cannot be scheduled because she does not know when a flair up will occur and that she requires more frequent breaks, especially on bad days. (*Id.*). In support, Plaintiff cites her medical records and highlights that the VE testified that using the restroom every thirty minutes would be work preclusive. (*Id.* at 31-32 (citations omitted)).

Additionally, Plaintiff asserts that the ALJ minimized Plaintiff's GI impairments by making mistakes of fact in the decision. (*Id.* at 32). Plaintiff asserts that the ALJ erroneously (1) stated that Plaintiff did not see a gastroenterologist until

6

September 2016 and (2) implied that Plaintiff was non-compliant with medications or did not need medications. (*Id.* at 33-34 (citations omitted)).

      Moreover, Plaintiff argues that the ALJ erred in finding Plaintiff's mental impairments of adjustment disorder, anxiety, and PTSD are non-severe and failed to consider them in combination with her other impairments when assessing her RFC. (*Id.* at 33-34). Additionally, Plaintiff contends that the ALJ failed to consider Dr. Cohen's, the consultative examining psychologist, diagnosis of Somatic Complaint Disorder. (*Id.* at 34 (citing Tr. at 462-65)). Plaintiff maintains that had the ALJ properly considered the medical records relating to Plaintiff's mental health impairments, the ALJ would have included mental limitations in the RFC and the hypothetical to the VE, which would have precluded all work. (*Id.*). In support, Plaintiff highlights her hearing testimony during which she addressed the effects of her mental impairments on her ability to work. (*Id.* at 34-35 (citing Tr. at 47, 65-66)). Plaintiff argues that because the ALJ did not properly assess and account for Plaintiff's mental impairments, the RFC is not supported by substantial evidence. (*Id.* at 35 (citations omitted)).

      In sum, Plaintiff essentially asserts that because the ALJ did not include Plaintiff's mental impairments or her symptoms of IBS in the hypothetical, the VE's testimony cannot constitute substantial evidence to support the ALJ's decision. (*See id.* at 35-36 (citations omitted)).

      In response, Defendant argues that substantial evidence supports the ALJ's RFC assessment and that the ALJ properly considered Plaintiff's subjective

statements, "including her allegations of disabling symptoms due to her Chron's [sic] disease, IBS and Terminal Ileitis." (*Id.* at 36). In support, Defendant maintains that the ALJ's discussion of the record constitutes substantial evidence to support his RFC assessment and that Plaintiff failed to prove she had additional work-related limitations. (*Id.* at 37). Defendant notes that the mere fact that Plaintiff has a severe impairment "does not establish that th[e] impairment[] caused additional limitations." (*Id.* at 38 (citations omitted)). Rather, Defendant contends that a finding of severe impairment simply allows the ALJ to continue the sequential evaluation, where Plaintiff must prove she is disabled due to her impairments. (*Id.* (citation omitted)).

Additionally, Defendant argues that "substantial evidence supports the ALJ's finding that Plaintiff's statements concerning the intensity, persistence, and functionally limiting effects of her alleged symptoms were not entirely consistent with the medical evidence and other evidence," highlighting the ALJ's record citations and the medical evidence of record. (*Id.* at 38-39 (citing Tr. at 29, 42-45, 442-44, 528, 965-75, 985-1075)). Defendant contends, therefore, that "the objective medical findings support the ALJ's evaluation of Plaintiff's subjective statements and his assessment of her RFC." (*Id.* at 39).

In sum, Defendant argues that (1) Plaintiff failed to meet her burden to show that she is disabled; (2) the ALJ properly considered the evidence and performed his duty as trier of fact; (3) substantial evidence supports the ALJ's RFC assessment and evaluation of Plaintiff's subjective complaints; (4) Plaintiff failed to prove she could

8

not preform her past relevant work; and (5) substantial evidence supports the ALJ's finding that Plaintiff is not disabled as defined by the Act. (*Id.*).

"The [RFC] is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all of the relevant evidence of record. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Thus, the ALJ must consider all the claimant's medically determinable impairments, even those not designated as severe. 20 C.F.R. § 404.1545(a)(2).

However, the Eleventh Circuit has consistently held that "the claimant bears the burden of proving that [s]he is disabled, and, consequently, [s]he is responsible for producing evidence in support of [her] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Ultimately, when the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the Court would have reached a contrary result as the ALJ and even if the Court finds that "the evidence preponderates against" the Commissioner's decision. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

In considering Plaintiff's arguments, the Court first considers whether the ALJ properly assessed Plaintiff's physical impairments.

9

As to Plaintiff's Terminal Ileitis, IBS, and Colitis, the Court finds that the ALJ did not provide enough discussion to permit meaningful judicial review into whether the ALJ properly considered the impairments. Specifically, while the ALJ began his step four analysis by noting that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 [C.F.R. §] 404.1529 and SSR 16-3p," (*id*. at 24), a closer read of the portion of the decision in which the ALJ supports his RFC finding shows that the ALJ failed to address Plaintiff's Terminal Ileitis, IBS, and Colitis, (*see id.* at 25-31).

In his decision, the ALJ discussed Plaintiff's Crohn's disease in detail and ultimately concluded that the limitation to "brief access to a restroom every two to two and a half hours during the workday" adequately accounted for the impairment. (*See id*. at 26-27, 29; *see also id*. at 25). In so finding, the ALJ relied on the lack of a Crohn's disease flair up and an improvement such that Plaintiff could forgo the medication. (*See id.* at 29). Yet, the ALJ failed to address Plaintiff's other GI impairments, including her Terminal Ileitis, Colitis, and IBS,[2] making meaningful

---

[2] The Court notes that the ALJ acknowledged Plaintiff's diagnosis of Colitis and Ileitis briefly when addressing her Crohn's disease: "[Plaintiff] had a colonoscopy in April 2016 that revealed small internal hemorrhoids, normal colonic mucosa, and mild inflammation and ulceration in the terminal ileum. Biopsies of the terminal ileum revealed moderate chronic active ileitis. The colon biopsies were consistent with Y acid chronic colitis. ([Tr. at 534, 537, 553])." (Tr. at 27). However, the Eleventh Circuit has found that a brief mention of an impairment in a biographical manner or as part of a summary of the medical examination related to the other limitations is insufficient constitute a consideration of the impairment. *See Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1269 (11th Cir. 2019). Because the ALJ otherwise

10

judicial review impossible.  *See Speagle v. Astrue*, No. 3:08-cv-1046-J-JRK, 2010 WL 750341, at *6 (M.D. Fla. Mar. 4, 2010) (noting that an ALJ's failure to address an impairment makes "meaningful judicial review of this aspect of the decision impossible" even when there is evidence to suggest that the impairment may be under control).  If at all, the ALJ broadly addressed the impairments, without enumerating them, and rejected them in a conclusory fashion:

> The claimant also alleged several other impairments and the record includes diagnoses of several additional impairments.  However, the record demonstrates that those conditions do not cause more than a minimal limitation in the ability to perform basic work activities for 12 months or more or are resolved or under control with treatment.  Therefore, they are nonsevere. ([Tr. at 466-80, 504-23, 985-1075]), (20 [C.F.R. §§] 404.1509, 404.1522, 404.1523).  Nevertheless, the residual functional capacity addresses the limitations that may be caused by those conditions that are documented in the record evidence for the period relevant to this decision.

(Tr. at 30).

It is well established that while there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, the decision cannot broadly reject evidence in a way that prevents meaningful judicial review.  *See Dyer v. Barnhart,* 395 F.3d 1206, 1211 (11th Cir. 2005).  The broad rejection here, however, clearly forecloses judicial review, preventing the Court from determining whether

---

failed to discuss the impairments in any manner sufficient to allow for meaningful judicial review, the Court finds that it cannot determine whether the ALJ considered Plaintiff's Colitis and Terminal ileitis.  *See id.*  Nevertheless, even if this notation constituted a consideration of Plaintiff's Colitis and Terminal Ileitis, the ALJ still failed to show that he considered Plaintiff's IBS.

substantial evidence supports the ALJ's decision to discount Plaintiff's "other impairments." (*See* Tr. at 30).[3] To that end, the Court cannot even decipher which impairments the ALJ refers to; indeed, each of the records cited reflect several impairments, many of which were not separately addressed by the ALJ. (*See id.* at 466-80, 504-23, 985-1075). Similarly, the Court cannot determine which impairments the ALJ determined had been resolved or were under control. (*See id.* at 30). Finally, the statement provides no insight into to which RFC limitations relate to it. (*See id.*).

As noted above, the ALJ must consider all the claimant's medically determinable impairments, even those not designated as severe. 20 C.F.R. § 404.1545(a)(2). Because the Court cannot decipher which impairments the ALJ rejected in his broad statement, the Court cannot determine whether the ALJ considered all non-severe GI impairments. This is particularly problematic when considering the ALJ's decision to only impose a limitation granting Plaintiff access to the restroom every two to two and a half hours, (*see* Tr. at 25), despite her subjective allegations that she uses the restroom ten or more times a day on a good day, (*see id.* at 53-54).

In assessing Plaintiff's subjective complaints, the ALJ found that Plaintiff's "determinable impairments could reasonably be expected to cause the alleged

---

[3] The Court notes that the ALJ also failed to address any physical impairments at step two, which may have given insight into the basis for the ALJ's findings. (*See* Tr. at 23-25).

symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the objective evidence in the record." (*Id*. at 29). Notably, although the ALJ did not explicitly note Plaintiff's allegations regarding her need to use the restroom, (*see id*. at 26), the ALJ nonetheless addressed Plaintiff's Crohn's disease and imposed a restroom-related limitation, (*see id*. at 25, 26-27, 29). Thus, the Court finds that the ALJ implicitly rejected Plaintiff's allegations. (*See id.*).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (internal citations omitted). Nevertheless, the Eleventh Circuit has stated that "[t]he question is not . . . whether

13

[the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

The factors an ALJ considers in evaluating a plaintiff's subjective symptoms include:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186, at *3 (1996); *see also* SSR 16-3p, 2016 WL 1119029, at *7 (2016) (factors nearly identical to SSR 96-7p); *Moreno*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

As noted above, in limiting Plaintiff's RFC to access to the restroom every two to two and a half hours, the ALJ impliedly rejected Plaintiff's subjective allegations that on a good day she needs to use the restroom at least ten times a day. (*See* Tr. at 53-54). In support, the ALJ noted *inter alia* that: (1) Plaintiff had reduced her medication during the period in which she was treated by a gastroenterologist; (2) by November 2018 she was not taking any medication for her Crohn's disease; and (3) a month later she had reported no flare-ups. (*Id.* at 29).[4] However, the medical records show that during the period in which she was treated by a gastroenterologist she continued taking 10 mg Bentyl and Omeprazole for her GI impairments. (*Id.* at 525-26, 528, 531). Additionally, records show that Plaintiff continued taking these mediations as late as December 17, 2018. (*Id.* at 996). Moreover, even as recently as at the hearing Plaintiff testified that she was continuing to take prescription Omeprazole for her Crohn's disease. (*See id*. at 52, 53).[5]

In light of the ALJ's reasoning for discounting Plaintiff's allegations related to her need to use the restroom – *i.e.*, that she has stopped taking medication for her Crohn's disease – it is unclear whether the ALJ would have imposed additional limitations on Plaintiff had he properly considered all of Plaintiff's GI impairments.

---

[4] The Court need not determine whether the ALJ's decision to discredit Plaintiff's subjective allegations has "substantial supporting evidence." *See Foote*, 67 F.3d at 1562. Rather, the Court finds that remand is warranted given the ALJ's failure to adequately consider Plaintiff's other non-severe GI impairments.

[5] The ALJ did not address Plaintiff's other GI impairments at the hearing. (*See* Tr. at 41-75).

The ALJ's reasoning is – at least in part – undermined by and inconsistent with Plaintiff's continued need for medication for her other GI impairments. Thus, had the ALJ adequately considered both Plaintiff's severe Crohn's disease and other non-severe GI impairments, the possibility remains that the ALJ would have imposed additional limitations on her RFC. For this reason, the error cannot be deemed harmless. *Cf. Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

This finding is bolstered by the ALJ's statement regarding the limitation itself. (*See* Tr. at 29). Specifically, the ALJ highlighted that notwithstanding the above reasons for discounting Plaintiff's subjective allegations, the RFC allowed "for additional breaks to use the restroom" to address "the claimant's symptoms *due to Crohn's disease*." (*Id.* (emphasis added)). Thus, the restroom related limitation is expressly limited to account only for Plaintiff's Crohn's disease. (*See id.*). The Court, therefore, finds that the limitation does not account for Plaintiff's other GI impairments.

Ultimately, without the ability to meaningfully review the reasons the ALJ found that Plaintiff's other GI impairments to be non-severe – or an ability to determine whether the ALJ considered them at all – the Court cannot determine whether the ALJ complied with his duty to consider all Plaintiff's impairments, including those found to be non-severe. Accordingly, remand is appropriate. *See Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1269 (11th Cir. 2019) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) for the

proposition that "the ALJ's 'failure . . . to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal' in its own right").

### B. Plaintiff's Remaining Arguments.

Plaintiff's remaining arguments – including those presented in both her first and second arguments – focus on a number of issues that cannot be resolved until it is clear to the Court that the ALJ properly considered the entire medical evidence of record, including a proper consideration of the effect of Plaintiff's GI impairments, when assessing Plaintiff's RFC. Indeed, a re-evaluation of these impairments may lead the ALJ to determine that Plaintiff cannot perform her past relevant work[6] or to impose additional limitations in the hypothetical posed to the VE. Moreover, a consideration of these impairments may also affect other elements of the ALJ's decision. As a result, the Court finds that any ruling on Plaintiff's remaining arguments is premature at this time. Upon remand, the ALJ must reevaluate the entire medical evidence of record in evaluating Plaintiff's case.

---

[6] The Court makes no determination as to whether the ALJ properly identified Plaintiff's past relevant work. Rather, the Court need not resolve the issue because the re-evaluation may affect the ALJ's determination as to whether Plaintiff could perform any past relevant work.

**VI.      Conclusion**

Upon consideration of the parties' submissions and the administrative record, the Court finds that remand is appropriate in light of the ALJ's apparent failure to consider Plaintiff's GI impairments in assessing Plaintiff's RFC. Accordingly, the Court **ORDERS** that:

1. The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2. On remand, the Commissioner must:

   (1) review the entire medical evidence of record and (2) consider Plaintiff's medically determinable GI impairments when assessing Plaintiff's RFC.

3. The Court suspends application of Local Rule 7.01 in this action. A motion for fees and costs must be filed as a single motion requesting a determination of both entitlement and amount. If Plaintiff prevails on remand, Plaintiff must comply with the November 14, 2012 Order (Doc. 1) in Case Number 6:12-mc-124-Orl-22.

4. The Clerk of Court is directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 16, 2021.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties